# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5506 | **DATE** | 2/22/2002 |
| **CASE TITLE** | Carlos Ramirez vs. Elgin Pontiac GMC | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion to require Judge to recuse himself is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 2 5 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| EF | courtroom deputy's initials | 02 FEB 22 PM 5:08 Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Carlos Ramirez,        )
        Plaintiff,    )
                )
      v.          )        Case No. 99 C 5506
                )        HONORABLE CHARLES R. NORGLE
Elgin Pontiac GMC, Inc.,  )
and Onyx Acceptance Corp., )
        Defendants.  )

DOCKETED

FEB 2 5 2002

**OPINION AND ORDER**

CHARLES R. NORGLE, SR. District Judge

Before the court is Plaintiff's motion for recusal, brought pursuant to 28 U.S.C. § 455(a) and

455(b)(1), or, in the alternative, 28 U.S.C. § 144. For the following reasons, Plaintiff's motion is

denied.

## I. BACKGROUND

The present case has witnessed much procedural activity, some of which is excerpted to

provide a background for the present motion for recusal. In August 1999, Plaintiff filed a five-

count complaint against Defendants Elgin Pontiac GMC, Inc. ("Elgin Pontiac") and Onyx

Acceptance Corp. ("Onyx") seeking relief for an alleged violation of the Truth in Lending Act

("TILA"), and various state law claims. (R. 1.) Elgin Pontiac filed an answer raising the

affirmative defense that Plaintiff had provided a false social security number on his credit

application. (R. 4.) Onyx also asserted this affirmative defense in its amended answer. (R. 10.)

Plaintiff's reply admitted that he had provided a false social security number on the credit

application. (R. 11.)

The parties began discovery, which spawned a motion to compel discovery and for sanctions

1

pursuant to Fed. R. Civ. P. 37 brought by Elgin Pontiac, seeking discovery regarding Plaintiff's use of the false social security number on his credit application. (R. 17.) The court granted the motion to compel. (R. 19.)

Unsatisfied with Plaintiff's compliance with the order compelling discovery, Elgin Pontiac filed a motion to dismiss and for sanctions pursuant to Fed. R. Civ. P. 37. (R. 25.) The motion to dismiss was brought in response to Plaintiff's failure to provide discovery regarding the affirmative defense that Plaintiff had provided a false social security number on his credit application, in that Plaintiff claimed a privilege based on the Fifth Amendment. The court denied Elgin Pontiac's motion to dismiss, but granted the motion for sanctions ordering "exclusion of certain evidence; adverse or negative inference from other evidence, and that plaintiff has failed properly to assert privilege," and further granted a motion for fees and costs associated with the motion. (See Minute Order Feb. 9, 2001, R. 42.) Plaintiff thereafter filed a motion for reconsideration of the court's February 9, 2001 ruling. (R. 51.) Elgin Pontiac also filed a motion for sanctions pursuant to Fed. R. Civ. P. 11(c) (R. 29.), which the court denied. (See Minute Order Feb. 9, 2001, R. 44.) Onyx filed a similar motion to compel seeking the same discovery (R. 30.), and a similar motion to dismiss pursuant to Fed. R. Civ. P. 37. (R. 31.), which the court denied. (See Minute Order Feb. 9, 2001, R. 43.) In the February 9, 2001 order, the court noted that it had considered converting the motion to dismiss to a motion for summary judgment, but declined to do so based on the amount of discovery undertaken, and advised to parties that they were granted leave to file motions for summary judgment.

Plaintiff then filed a second amended complaint (R. 47, 59.), which was followed by another round of motions by Defendants, including another motion brought by Elgin Pontiac to dismiss pursuant to Fed. R. Civ. P 12(b)(6) (R. 60.), and a motion for summary judgment brought by

Onyx. (R. 50.) The court denied Elgin Pontiac's motion to dismiss, and again invited the parties to address themselves to the issue of summary judgment. (See Minute Order Jan. 8, 2002, R. 68.) The January 8, 2002 order contains some of the asserted grounds for the present motion for recusal. The court also granted Onyx's motion for summary judgment as to three counts of Plaintiff's second amended complaint. (See Minute Order Jan. 18, 2002, R. 69.) The January 18, 2002 order contains the remaining grounds asserted for the present motion for recusal. Plaintiff filed the present motion for recusal on February 5, 2002, "based upon 28 U.S.C. §§ 455(a) and (b)(1) or, in the alternative, 28 U.S.C. § 144." (See Pl.'s Motion for Recusal, ¶ 1.) Plaintiff asserts that based on the orders of January 8 and 18, 2002, " . . . the Judge has provided defendants and their counsel with strategies for defeating plaintiff's case, and has tendered authority to be used by defendants in support of those strategies." (See id. at ¶ 7.)

## II.DISCUSSION

Plaintiff's motion is brought pursuant to three separate statutes, however, all three statutes seek to have the court recuse itself from the present case on the basis of alleged bias or prejudice. 28 U.S.C. § 144 was enacted in 1911 as a provision requiring "district-judge recusal for bias in general." Liteky v. United States, 510 U.S. 540, 544 (1994). In 1974, 28 U.S.C. § 455 was amended to encompass not only recusal of a judge for having an interest or relationship with a party, as previous to 1974, but to encompass "elements of general 'bias and prejudice' recusal that had previously been addressed only by § 144." Liteky, 510 U.S. at 548. The 1974 amendment to § 455 made the provision of § 144 dealing with bias and prejudice applicable to "[a]ny justice, judge, or magistrate of the United States." 28 U.S.C. § 455(a). In analyzing both 28 U.S.C. § 455 and § 144, along with relevant case law, the court finds that Plaintiff has failed to demonstrate that a reasonable person would find any bias or prejudice by the court that would

3

lead to determine that recusal would be proper.  The court addresses each statute in turn.

**A. 28 U.S.C. § 455(a) and 28 U.S.C. § 455(b)(1)**

Plaintiff asserts that the court should disqualify itself from the present case pursuant to 28 U.S.C. § 455(a).  Section 455(a) requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Section 455(a) has been termed the "'catchall' recusal provision, covering both 'interest and relationship' and 'bias and prejudice' grounds."  Liteky, 510 U.S. at 548.  The inquiry under § 455(a) is evaluated on an objective basis.  Id.  Thus, the inquiry is "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits."  Hook v. McDade, 89 F.3d 350, 353 (7th Cir. 1996) (citation omitted).  This inquiry is made based on a reasonable person standard, as opposed to "a hypersensitive or unduly suspicious person," id., so as to avoid "a system of preemptory strikes and judge shopping."  Id.  "'Judge shopping' is a practice that should not be encouraged."  In re Mann, 229 F.3d 657, 658 (7th Cir. 2000).  Thus, trivial risks of perceived impartiality are insufficient to warrant recusal.  Id.  The objective reasonable person standard of § 455(a) is intended to promote public confidence in the impartiality of the judicial process.  See Pepsico Inc. v. Marion Pepsi-Cola Bottling Co., 99 C 3939, 2000 WL 263973, * 12 (N.D. Ill. Mar. 6, 2000).  In furthering the policy of public confidence in the impartiality of the judicial process, a court faced with a motion under § 455(a) must recuse itself where valid reasons are presented, and must not recuse itself where the proffered reasons are not valid.  See New York City Housing Development Corp. v. Hart, 796 F.2d 976, 981 (7th Cir. 1986); see also United States v. Baskes, 687 F.2d 165, 170 (7th Cir. 1981) ("A motion for recusal should not be granted lightly; a judge is under as much obligation not to recuse himself when facts do not show prejudice as he is to recuse himself if they do.").

Plaintiff also asserts that the court should disqualify itself from the present case pursuant to 28 U.S.C. § 455(b)(1). Section 455(b)(1) more specifically addresses the bias and prejudice grounds of the catchall provision of § 455(a). Section 455(b)(1) provides that a judge shall disqualify himself if he "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The inquiry under § 455(b)(1) is also evaluated on an objective basis, by determining "whether a reasonable person would be convinced that the judge was biased." Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7ᵗʰ Cir. 2000). "Recusal under § 455(b)(1) 'is required only if actual bias or prejudice is proved by compelling evidence.'" Id. (quoting Hook, 89 F.3d at 355). "'The negative bias or prejudice from which the law of recusal protects a party must be grounded in some personal animus or malice that the judge harbors against him, of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes.'" Hook, 89 F.3d at 355 (quoting United States v. Balistrieri, 779 F.2d 1191, 1201 (7ᵗʰ Cir. 1985)).

The alleged bias sufficient to warrant recusal under both § 455(a) and § 455(b)(1) must stem from an extrajudicial source. Liteky, 510 U.S. at 554. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Id. at 555. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

The inquiry to be made under § 455(b)(1) is essentially the same as the inquiry made under § 455(a), whether a reasonable person would find that the judge is biased or prejudiced. The only difference is that § 455(b)(1) addresses itself to a bias or prejudice of the judge against a party, whereas § 455(a) addresses itself to a general bias or prejudice and interest or relationship that

5

might lead the judge to decide the case on a basis other than the merits. The grounds that Plaintiff argues in support of his motion for recusal deal with the court's bias or prejudice, and thus under § 455(a) or § 455(b)(1), the inquiries to be made are identical. Thus, the following analysis applies to both subsections of § 455.

Plaintiff argues that the court's recusal in the present case is required because the court's impartiality may reasonably be questioned, as "it reasonably appears that the Judge has a personal bias against plaintiff or his attorney, or in favor of defendants." (Pl.'s Motion for Recusal, ¶ 6.) In support of this conclusion, Plaintiff points to orders of the court that indicate that "the Judge has provided defendants and their counsel with strategies for defeating Plaintiff's case, and has tendered authority to be used by defendants in support of those strategies." (Id. at ¶ 7.) Plaintiff points to four instances, contained in two orders of the court, to demonstrate the bias or prejudice of the court.

Plaintiff's first instance of alleged bias or prejudice is based on an order entered by the court on January 8, 2002, which Plaintiff contends indicates that "the Judge advised defendant Elgin Pontiac to file a motion for summary judgment against plaintiff," (Pl.'s Motion for Recusal, ¶ 8.) and cited authority, which "[t]here was no reason to believe that defendant would have been familiar with . . . had the Judge not cited it to defendant." Id. In the January 8, 2002 order, the court denied Elgin Pontiac's motion to dismiss Plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (See Minute Order January 8, 2002, R. 68.) After denying Elgin Pontiac's 12(b)(6) motion, the order then went on to indicate: "Defendant should consider motion for summary judgment. Counsel are advised to see Virginia Fogle and Fatina Fogel v. William Chevrolet, No. 01-1427, decided 12/26/2001 (7th Cir) on fee issues on

6

automobile purchase litigation. <u>See</u> <u>also</u> <u>Rivera et al v. Grossinger Autoplex</u>, No. 01-1015 (decided 12/10/2001 7th Cir)." <u>Id.</u>

The January 8, 2002 order cannot reasonably be construed as indicative of bias or prejudice. Fatal to any assertion of bias or prejudice is the fact that Plaintiff fails to indicate any facts that show this bias or prejudice to be derived from an extrajudicial source. <u>See</u> <u>Liteky</u>, 510 U.S. at 554. While "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," <u>id.</u> at 555, the January 8, 2002 order could be evidence of bias or prejudice should a reasonable person conclude that it "display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible." <u>Id.</u> Plaintiff cannot plausibly argue that a reasonable person could find the January 8, 2002 order to show any bias or prejudice. The <u>Rivera</u> case, cited in the January 8, 2002 order, was the Seventh Circuit's most recent case regarding summary judgment in a TILA case. The order merely acknowledges the guidance of numerous other cases which indicate that in light of the liberal practice of notice pleading in the federal courts, it is well settled that a court should not resolve on a motion to dismiss issues that are better suited to summary judgment. <u>See</u> <u>e.g.</u> <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 168 - 69 ((1993) (indicating that "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later"); <u>Walker v. National Recovery, Inc.</u>, 200 F.3d 500, 502-04 (7th Cir. 1999) (reversing a grant of a 12(b)(6) motion, and discussing the distinctions between, and proper applications of, Rules 12(b)(6) and 56). The United States Supreme Court has indicated:

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action. . . .' Before the shift to notice pleading accomplished by the Federal Rules, motions to dismiss a complaint or to strike a defense were the principal tools by which factually insufficient claims or defenses could be isolated and

> prevented from going to trial with the attendant unwarranted consumption of
> public and private resources. But with the advent of 'notice pleading,' the motion
> to dismiss seldom fulfills this function any more, and its place has been taken by
> the motion for summary judgment. Rule 56 must be construed with due regard
> not only for the rights of persons asserting claims and defenses that are
> adequately based in fact to have those claims and defenses tried to a jury, but also
> for the rights of persons opposing such claims and defenses to demonstrate in the
> manner provided by the Rule, prior to trial, that the claims and defenses have no
> factual basis.

Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (citations omitted).

Inviting litigants to address themselves to the issue of summary judgment of a pending

matter is logically no different than the court granting summary judgment *sua sponte*. A district

court can grant summary judgment *sua sponte* provided that the substantive standard is met and

that the nonmovant had adequate notice. See Russell v. P.P.G. Industries, Inc., 953 F.3d 326,

332 n. 4 (7th Cir. 1992). Directing the litigants' attention to summary judgment, the next logical

step in litigation after surviving a motion to dismiss, is proper and serves the same function as

providing notice to a nonmovant in the event that the court *sua sponte* determines that summary

judgment is appropriate. See Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998) (noting that

the court may invite a motion for summary judgment if a claim appears implausible).

Additionally, directing the litigants' attention to summary judgment serves to effectuate the

purpose of the Federal Rules of Civil Procedure, "to secure the just, speedy, and inexpensive

determination of every action." Fed. R. Civ. P. 1. "The Supreme Court insists that federal judges

carry out the rules of procedure, whether or not those rules strike the judges as optimal." Tuke v.

United States, 76 F.3d 155, 157 (7th Cir. 1996) (citations omitted). Such an order is evidence of

no more than a district court's inherent authority to maintain effective control over their dockets.

See Matter of Bluestein & Co., 68 F.3d 1022, 1025 (7th Cir. 1995); see also Link v. Wabash

R.R., 370 U.S. 626, 632 (1962) (noting the inherent power of district courts "to manage their

own affairs so as to achieve the orderly and expeditious disposition of cases").

Plaintiff's second instance of alleged bias or prejudice is also based on the January 8, 2002 order, in which the court cited authority, which Plaintiff contends "severely undercut plaintiff's leverage in his settlement negotiations with defendant Elgin Pontiac, to whom he is looking for payment of his attorneys fees." (Pl.'s Motion for Recusal, ¶ 9.)

The case which the court cited was Fogle v. William Chevrolet, 275 F.3d 613 (7th Cir. 2001). In Fogle, the Seventh Circuit affirmed a district court's decision to reduce a lawyer's fee under a fee-shifting statute in order to "approximate the fee the lawyer would have obtained in the market for legal services." Id. at 615. Plaintiff's counsel in the present case was the attorney in Fogle whose fees were reduced. The Fogle case was the Seventh Circuit's most recent case regarding attorney fees in an automobile purchase litigation case, and particularly appropriate as Plaintiff's complaint sought attorney fees. The case was of particular relevance to the present case, and similar cases involving automobile purchase litigation. Plaintiff's counsel's contention that "there is no reason to believe that defendant would have been familiar with this case had the Judge not cited it" is unsupportable given the fact that the Fogle case received attention in the legal community, as it was noted on the front page of the Chicago Daily Law Bulletin. See Case Summaries: Attorney fees – reduction, Chicago Daily Law Bulletin, January 31, 2002, at 1.

Plaintiff's counsel's argument is similarly unsupportable in light of an attorney's professional duties and ethical obligations. A lawyer is to provide competent representation to a client, which entails staying abreast of developments in the law and recent cases in the area concerning the client's claim or defense. See N.D. Ill. Local Rule 83.51.1(a) and committee comment ¶ 6. The distillate of this alleged instance of bias or prejudice is best stated by Plaintiff's counsel, where he indicates that the court's citation to the Fogle case "severely

undercut plaintiff's leverage in his settlement negotiations with defendant Elgin Pontiac, to whom he is looking for payment of his attorneys fees." (Pl.'s Motion for Recusal, ¶ 9.) Plaintiff's counsel's argument resists any acknowledgement of a duty to let his colleague know of an important recent case on a subject they were negotiating presumably in good faith. However, "litigation under the Federal Rules of Civil Procedure is not supposed to be merely a game, a joust, a contest; it is also a quest for truth and justice." Ash v. Wallenmeyer, 879 F.2d 272, 275 (7th Cir. 1989). Plaintiff's contention that the court's citation to Fogle is indicative of bias or prejudice is no more than a subjective and speculative conclusion. A district court's citation to legal authority directly relevant to the litigation pending before the court, which the parties will inevitably need to address, is not the type of evidence that a reasonable person could find to pose a "significant risk that the judge will resolve the case on a basis other than the merits." Hook, 89 F.3d at 353.

Furthermore, indicating the present state of the law is a part of the court's duty in fulfilling its judicial function. Plaintiff's arguments to the court's January 8, 2002 order imply that a court carrying out this judicial function acts in an adversarial nature. This argument is preposterous. In the present case, Plaintiff points to no facts that a reasonable person could view as indicative of prejudice or bias. Plaintiff's claim of prejudice is no more than a subjective and speculative conclusion, in so far that the claim of prejudice is based on a motion not yet filed and based on language included in a motion that gave a beneficial result to Plaintiff, since Defendant's 12(b)(6) motion was denied. Acceptance of Plaintiff's argument would lead to the absurd result that courts would be unable to manage the litigation before them and advise litigants of legal authority pertinent to the underlying claims of their claims and defenses, and even advise litigants of likely decisions of the court. Cf. In re Mann, 229 F.3d at 658–59 (finding that

judge's comment that litigant's motion would not likely succeed did not evidence bias and therefore was insufficient to warrant recusal). The court's recusal from the present case is not warranted under such circumstances.

Plaintiff's third instance of alleged bias or prejudice is based on an order entered by the court on January 18, 2002, in which Plaintiff contends that "Judge Norgle directed Defendant Onyx to brief the issue of whether the motion to reconsider was in violation of Rules 59(e) and 7(b)(1), and cited the Martinez v. Trainer case for Defendant Onyx to use in response." (Pl.'s Motion for Recusal, ¶ 10.) In the January 18, 2002 order, the court stated: "Whether the motion of plaintiff to reconsider complies with Rule 59(e) and Fed. R. Civ. P. 7(b)(1) is an issue. See Martinez v. Trainor, 556 F.2d 818, 819–20 (7th Cir. 1977). However, Onyx may respond to the motion, 14 days, with a reply do [sic] 7 thereafter." (See Minute Order January 18, 2002, R. 71.)

It strains credulity to find that the January 18, 2002 order is indicative of bias or prejudice. This alleged bias or prejudice again derives from a judicial ruling, and fails to indicate any facts that show any bias or prejudice to be derived from an extrajudicial source. See Liteky, 510 U.S. at 554-55. In addition, a reasonable person would not conclude that the January 18, 2002 order "display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. at 555. The January 18, 2002 order merely allowed Defendants to respond to the motion prior to the court's ruling on the matter. The order also allowed Plaintiff to reflect on the motion in order to address the deficiencies indicated by the court. Plaintiff cannot plausibly argue that a reasonable person could find that the court's January 18, 2002 ruling demonstrates any bias or prejudice by the court. Cf. Hook, 89 F.3d at 353 (finding that judge's criticism of motion was not enough to demonstrate bias).

Plaintiff's fourth instance of alleged bias or prejudice is also based on the order entered by

11

the court on January 18, 2002, in which Plaintiff contends that "the citation of the Wyle v. R.J. Reynolds Industries, Inc., case, [is] an apparent invitation to defendants to move to dismiss the case for fraud on the court or significant discovery abuse." (Pl.'s Motion for Recusal, ¶ 11.) Plaintiff further contends that "[i]t is entirely improper for Judge Norgle to perform this research on defendant's behalf, and suggest that it be used in the case." Id. In the January 18, 2002 order, the court stated: "Court encourages counsel to continue their efforts to conclude this 1999 case. See Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585 (9th Cir. 1983)." (See Minute Order January 18, 2002, R. 71.) Plaintiff's argument of alleged bias or prejudice based on the January 18, 2002 order is also insufficient to warrant this court's recusal.

Defendant had already raised the issue of dismissing Plaintiff's case for discovery abuse, (see Def.'s Motion to Dismiss (R. 25.)) and the court denied that motion. (See Minute Order Feb. 9, 2001, R. 42.) Further, Plaintiff has admitted that a false social security number was used on the credit application, (R. 11.) and this is relevant to the present litigation as Defendants seek to develop a legitimate and potentially dispositive affirmative defense based on this admission. Plaintiff's failure to comply with the Defendants' discovery requests concerning Plaintiff's use of a false social security number has already been the source of ancillary litigation in the present case, and Plaintiff has been ordered by the court to comply with these discovery requests. (See Minute Order Feb. 9, 2001, R. 42.) By readdressing this issue, the court did not abandoned its neutral judicial role, nor did it engage in advocacy on behalf of Defendants. The following quote is instructive on this point:

> [T]he judge is on the bench in the first place . . . because of superior legal background, expertise, or credentials, and for that reason should not sit as a passive observer who functions solely when called upon by the parties. Rather, the judge should take an active role, when necessary, to ensure fairness and to conform the proceedings to the law.

Jones v. Poge, 76 F.3d 831, 850 (7th Cir. 1996) (citations omitted). "Judges, by the way, are not wallflowers or potted plants," Tagatz v. Marquette University, 861 F.2d 1040, 1045 (7th Cir. 1988), but rather, are active participants whose roles it is "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Contrary to Plaintiff's arguments, the court's rulings were part of the manifestation of its judicial duties, and cannot be reasonably perceived as demonstrating bias or prejudice.

## B. 28 U.S.C. § 144

Plaintiff cites 28 U.S.C. § 144 in further support of his motion to disqualify. Section 144 provides in pertinent part:

> *Whenever a party to any proceeding in a district makes and files a timely and sufficient affidavit* that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of an adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceedings. The affidavit shall state the facts and reasons for the belief that bias or prejudice exists. . . . *It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.*

28 U.S.C. § 144 (emphasis added). Section 144 differs from § 455(a) and § 455(b)(1) in that it requires both an affidavit by the party and a certificate of counsel stating that the affidavit is made in good faith. See United States v. Barnes, 909 F.2d 1059, 1072 (7th Cir. 1990). The statute is strictly construed, and there is a heavy burden on the party seeking recusal to comply with its requirements. See Balistrieri, 779 F.2d at 1199. Since § 144 is "heavily weighted in favor of recusal, its requirements are to be strictly construed to prevent abuse." United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993). "In passing on the legal sufficiency of the affidavit, the court must assume the truth of its factual assertions even if it 'knows them to be false.'" Id. (quoting Balistrieri, 779 F.2d at 1199). However, "the facts averred must be sufficiently definite and particular to

convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." Id. (quoting Balistrieri, 779 F.2d at 1199). The source of the alleged bias or prejudice must arise from an extrajudicial source, and not from the judge's participation in the case. See Liteky, 510 U.S. at 545; Sykes, 7 F.3d at 1339.

The affidavit submitted in support of the present motion to disqualify was not that of the party to this lawsuit, Carlos Ramirez, but rather that of his counsel, Andy Norman. The affidavit fails to comply with the express requirements in the language of § 144. Therefore, the affidavit is legally insufficient under § 144, regardless of its content. See United States ex rel. Wilson v. Coughlin, 472 F.2d 100, 104 (7th Cir. 1973); see also United States v. Feliciano, No. 93 CR 70, 1993 WL 524338, * 2 (N.D. Ill. Dec. 13, 1993).

"A charge that a trial judge has assumed the role of advocate and deprived one side of a fair trial is a serious one [and] . . . should not be made lightly, or without support." Wallace v. Mulholland, 957 F.2d 333, 337 (7th Cir. 1992). It is therefore to a litigant's benefit to be sure that a reasonable inquiry has been made prior to the bringing of a motion for recusal, that the motion is not being presented for any improper purpose, and that the motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. See Fed. R. Civ. P. 11; see also Berwick Grain Co., Inc. v. Illinois Dept. of Agriculture, 217 F.3d 502, 504 (7th Cir. 2000) (per curiam) (discussing Rule 11 and collecting cases).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for recusal is denied.

IT IS SO ORDERED.

ENTER:

_Charles R. Norgle, Sr._

CHARLES R. NORGLE, SR. Judge

United States District Court

DATED: 2/21/02